# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| ESTATE OF CEDELL WRIGHT, ) | | |
|       Plaintiff, ) | | |
| ) | | |
| v. ) | CAUSE NO. 2:13-CV-333-WCL-JEM | |
| ) | | |
| LAKE COUNTY IN, *et al.*, ) | | |
|       Defendants. ) | | |

## OPINION AND ORDER

This matter is before the Court on a Plaintiff's Motion for Additional Discovery Sanctions Against Defendant John Buncich [DE 44], filed by Plaintiff on April 15, 2015. Defendant Buncich filed his response on April 28, 2015, and Plaintiff filed a reply on May 5, 2015. Plaintiff requests that the Court sanction Defendant for his failure to obey the Court's January 30, 2015, Order.

**I.     Background**

On January 12, 2015, Plaintiff filed a motion seeking to compel Defendant to provide answers to interrogatories and responses to requests for production of documents. Defendant did not respond to the motion. On January 30, 2015, the Court granted the motion to compel and awarded Plaintiff the attorney fees accrued in drafting the motion.

The Court ordered Defendant to provide Plaintiff with the requested discovery responses on or before February 13, 2015. Defendant did not provide the discovery until February 16, 2015, and Plaintiff characterizes the responses as "tardy, evasive and incomplete." Plaintiff also represents that the parties attempted to confer and that Defendant agreed to supplement his responses by April 10, 2015, but did not do so. Defendant did eventually supplement his responses on April 28, 2015, after the filing of the instant Motion, although Plaintiff argues that the supplemented responses are still not complete.

**II.     Analysis**

First, Plaintiff argues that Defendant's tardiness waives all objections to the discovery responses, but since this is not a motion to compel the remaining disputed responses, and Defendant has not had opportunity to address the objections directly, the Court will not now find that all objections are waived. *See* Fed. R. Civ. P. 33. ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Martinez v. Cook Cnty.*, No. 11 C 1794, 2012 WL 6186601, at *3 (N.D. Ill. Dec. 12, 2012) ("Unlike Federal Rule of Civil Procedure 33, which governs interrogatories, Rule 34 does not expressly provide that objections will be waived if not set forth in a timely response. However, courts have generally recognized that Rule 33's automatic waiver provision applies to Rule 34 as well.").

Next, Plaintiff requests that Defendant be sanctioned pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) for his failure to comply with the Court's January 30, 2015, Order, including, but not limited to, striking Defendant's pleadings and entering default judgment against him. Defendant argues that sanctions are not appropriate because he complied with the Court's Order. He argues that the responses were not incomplete but instead included good faith objections, which he has attempted to resolve with counsel for Plaintiff.

Defendant failed to meet both the initial deadline for discovery responses and the deadline set by the Court in its Order compelling responses. Defendant's supplemental responses were also provided after the date agreed upon by the parties. Defendant argues that sanctions are inappropriate because he has not acted with willfulness, bad faith, or fault - apparently since he has participated in discovery, if belatedly, and his behavior is not as egregious as that in some cited cases. Plaintiff argues that by providing late and incomplete discovery responses Defendant did not follow the

Court's Order, and that Defendant's repeated failure to comply with deadlines demonstrates willfulness, bad faith, and fault.

Federal Rule of Civil Procedure provides sanctions for failure to comply with a discovery court order, including:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37. "[A] court must have clear and convincing evidence of willfulness, bad faith or fault before dismissing a case" for discovery violations. *Maynard v. Nygren*, 332 F.3d 462, 468 (7th Cir. 2003).

Defendant does not explain why he has repeatedly missed deadlines, including those set by Federal Rules, by the Court, and by agreement of the parties. Without an explanation as to why Defendant continues to miss deadlines, the Court cannot determine whether his actions demonstrate willfulness and bad faith. While the Court does consider all of Defendant's discovery delays collectively, Defendant was only one business day late in responding to the Court ordered deadline and at this time Plaintiff has not made a showing of clear and convincing evidence of Defendant's willfulness, bad faith, or fault, that would lead the Court to recommend to the District Court that default judgment be entered.

Although default judgment is not appropriate at this time, the Court is not limited to the single sanction. "Federal Rule of Civil Procedure 37(b)(2)(A) grants the district courts the power to impose appropriate sanctions for violations of discovery orders . . . [and] district courts have 'wide latitude in fashioning appropriate sanctions.'" *e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 642 (7th Cir. 2011) (quoting *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir.1999)). Sanctions for discovery violations other than dismissal do not require such a showing of willfulness, bad faith, or fault, and failure to comply with a Court order is a sufficient basis to impose sanctions under Rule 37(b)(2)(A). *See e360 Insight*, 658 F.3d at 642. "Although there is no requirement that the district court select the 'least drastic' sanction, district courts should only impose sanctions that are proportionate to the circumstances surrounding a party's failure to comply with discovery rules." *Rice v. City of Chicago*, 333 F.3d 780, 784 (7th Cir. 2003) (quotations omitted); *see also Crown Life Ins. Co. v. Craig*, 995 F.2d 1376, 1382 (7th Cir. 1993).

While this is not a motion to compel and the Court will not recommend the default judgment requested by Plaintiff, the Court recognizes the time and labor put in by Plaintiff's counsel in attempting to obtain complete discovery, and notes that despite the attempt to resolve the dispute outside of the Court, Plaintiff did not receive supplemental responses until after the filing of the instant Motion. Under Federal Rule of Civil Procedure Rule 37, when a party files a motion to compel and the discovery is only provided after its filing, the Court awards reasonable expenses. *See* Fed. R. Civ. P. Rule 37(a)(5)(A). Likewise, in this case the Court will award reasonable expenses, including attorney fees, related to the attempts to resolve the dispute prior to filing the instant Motion and those incurred in making the instant Motion.

The Court warns the parties that any future discovery disputes between Plaintiff and Defendant will be considered as whole and not isolation. *e360 Insight*, 658 F.3d at 643. ("[W]e review a sanction not in isolation but in light of the entire procedural history of the case . . . In other words, we weigh not only the straw that finally broke the camel's back, but all the straws that the recalcitrant party piled on over the course of the lawsuit.").

Accordingly, the Court hereby **GRANTS but for relief different than requested** the Plaintiff's Motion for Additional Discovery Sanctions Against Defendant John Buncich [DE 44] and **ORDERS** Plaintiff to **FILE**, on or before **August 19, 2015,** itemization of its costs and fees, including attorney's fees, incurred in communications to resolve the dispute with Defendant John Buncich and in making the Motion, with Defendant to **FILE** a response with the Court to Plaintiff's request for reasonable expenses incurred in making the instant Motion on or before **August 26, 2015**.

SO ORDERED this 11th day of August, 2015.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT