# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ESTATE OF CEDELL WRIGHT, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 2:13-CV-333-WCL-JEM |
| ) | |
| DR. WILLIAM FORGEY, *et al.*, ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel Discovery from Defendants, John Buncich and Dr. William Forgey [DE 68], filed by Plaintiff on November 11, 2015. In the instant Motion, Plaintiff requests that the Court issue an order compelling discovery responses from Defendants Buncich and Forgey regarding their net financial worth, or in the alternative, that the Court set a deadline for Defendants Forgey and Buncich to file motions addressing their claims of qualified immunity. On November 23, 2015, Defendants filed separate responses, and on November 30, 2015, Plaintiff filed a reply. On December 11, 2015, Defendant Forgey moved for leave to file a sur-reply, which the Court granted, and on December 21, 2015, Defendant Forgey filed his sur-reply.

**I. Background**

This case stems from Plaintiff's allegation that Defendants Buncich and Forgey are liable to Plaintiff under 42 U.S.C.§ 1983 for violating Cedell Wright's Eighth and Fourteenth Amendment rights by showing deliberate indifference to Mr. Wright's medical needs and failing to provide necessary medical care while he was an inmate at Lake County Jail. On August 24, 2015, Defendant Buncich served his responses to Plaintiff's third request for production of documents objecting to requests related to his financial net worth:

8. Sheriff John Buncich's Federal 1040 tax return for tax years 2013 and 2014.

RESPONSE: OBJECTION. Defendant objects that this request is irrelevant, highly personal and confidential, untimely, made in bad faith, and meant to harass Defendant Buncich. Additionally, there is no evidence of willful, wanton or malicious conduct for punitive damages liability of Defendant Buncich to be established in this case.

9. All personal financial statements prepared by or on behalf of John Buncich from January 1, 2012, to date.

RESPONSE: OBJECTION. Defendant objects that this request is irrelevant, highly personal and confidential, untimely, made in bad faith, and meant to harass Defendant Buncich. Additionally, there is no evidence of willful, wanton or malicious conduct for punitive damages liability of Defendant Buncich to be established in this case.

On September 24, 2015, Defendant Forgey served his responses to Plaintiff's second request for production of documents objecting to requests related to his financial net worth:

1. All Federal 1040 income tax returns filed by William Forgey from March 4, 2013 to date.

RESPONSE: Objection. This request is irrelevant, immaterial and not calculated to lead to the discovery of admissible evidence. Furthermore, the request is seeking confidential and personal information. There is no basis for this request under Federal law.

2. All personal financial statements prepared by or on behalf of William Forgey.

RESPONSE: Objection. This request is irrelevant, immaterial and not calculated to lead to the discovery of admissible evidence. Furthermore, the request is seeking confidential and personal information. There is no basis for this request under Federal law.

4. All W-2s issued by Correctional Health Indiana, Inc. to Dr. William Forgey from March 4, 2013 to date.

>   RESPONSE: Objection. This request is irrelevant, immaterial and not calculated to lead to the discovery of admissible evidence. Furthermore, the request is seeking confidential and personal information. There is no basis for this request under Federal law.

**II.     Analysis**

Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. *See* Fed. R. Civ. P. 37(a). A party objecting to the discovery request bears the burden of showing why the request is improper. *See McGrath v. Everest Nat. Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when deciding discovery matters. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993)).

Plaintiff argues its requests for information related to Defendants' net worth are relevant to its claims for punitive damage and that the Northern District of Indiana does not require a *prima facie* showing of merit on a claim for punitive damages before permitting discovery of a defendant's financial net worth. Defendants argue that the instant Motion should be denied because Plaintiff did not attempt in good faith to resolve the discovery dispute before filing a motion to compel and that when a defense of qualified immunity is raised in response to a § 1983 claim, discovery related to a defendant's personal financial net worth should not proceed until the question of qualified

3

immunity is resolved.

### A. Rule 37 Compliance

Defendants argue that the Motion to Compel is premature because it was filed before Plaintiff attempted in good faith to resolve the discovery dispute. Federal Rule of Civil Procedure 37(a)(1) provides that a party may move for an order compelling disclosure or discovery after the "movant has in good faith conferred or attempted to confer with the person failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); *see also* N.D. Ind. L.R. 37-1(a) (requiring that a party filing "any discovery motion must file a separate certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action."). Specifically, Rule 37(a)(1) requires that the moving party "had or attempted to have had an actual meeting or conference" and "engage[d] in two-way communication with the non-moving party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *Vukadinovich v. Hanover Cmty. Sch. Corp.*, 2:13-CV-144-PPS-PRC, 2014 WL 667830 at *2 (N.D. Ind. Feb. 24, 2014).

Plaintiff's motion to compel includes a certification that the parties held a telephonic conference on October 12, 2015, but were unable to reach an agreement about the subject of the discovery dispute. Defendants agree that the conference between the parties was held on October, 12, 2015, and represent that three days before the conference, Defendant Buncich provided Plaintiff with a legal memorandum and case law outlining their objections to Plaintiff's discovery requests. Defendants represent that during the conference Plaintiff acknowledged that it had not yet evaluated the memorandum, but the parties nonetheless discussed the case law and Defendants' objections.

4

Defendants further represent that the conference concluded with Plaintiff requesting additional time to review the memorandum and promising to respond to Defendant Buncich by October 14, 2015. Defendants state that Plaintiff never responded, but instead filed the instant Motion. Defendants argue that the discovery dispute could have been resolved had Plaintiff reviewed the case law and responded as promised.

The parties agree that Plaintiff telephonically met with Defendants and engaged in a discussion of the case law attendant to Defendants' objections. Even assuming that Defendants' representation is accurate and Plaintiff failed to respond to Defendant Buncich's memorandum, Plaintiff satisfied at least the bare requirements of its Rule 37(a)(1) obligation to meet with Defendants and meaningfully discuss the discovery dispute. Defendants point to Plaintiff's failure to respond as evidence of its lack of good faith, and the Court notes its disapproval at counsel for Plaintiff's apparent failure to keep his word, but cannot conclude that Plaintiff failed to comply with Rule 37(a)(1). Accordingly, the Motion to Compel will not be denied for failure to comply with Rule 37.

B.  Discovery Responses

Plaintiff argues that discovery related to Defendants Buncich's and Forgey's financial net worth is relevant to its claim of punitive damages and should proceed absent a *prima facie* showing of merit on that claim. Defendants counter that discovery related to their financial net worth should not proceed until their defenses of qualified immunity are resolved.

Plaintiff relies on *United States v. Autumn Ridge Condo. Ass'n*, 2:08-CV- 208-PPS-PRC, 2009 WL 3586957 (N.D. Oct. 27, 2009), in support of its argument that discovery of Defendants Buncich's and Forgey's financial net worth is relevant to its claim for punitive damages. In *Autumn*

5

*Ridge*, the court did not require the plaintiff to make a *prima facie* showing of merit on its claim for punitive damages before discovery related to the defendant's net financial worth was permitted. *Id.* at * 3. However, Plaintiff's reliance on *Autumn Ridge* is misplaced: in *Autumn Ridge*, unlike the instant case, the plaintiff's allegation did not involve a claim brought under § 1983 and the defendant did not raise a defense of qualified immunity. *Id.*

Moreover, contrary to Plaintiff's assertion, "trial courts not only may but should decide the legal issue of qualified immunity in § 1983 cases before allowing discovery." *Landstrom v. Ill. Dept. of Children and Family*, 892 F.2d 670, 674 (7th Cir. 1990) (internal citations omitted); *see also Finch v. City of Indianapolis*, No: 1:08-CV432-DML-RLY, 2011 WL 2516242 (S.D. Ind. June, 23, 2011) (denying a motion to compel discovery related to defendant's financial net worth in a § 1983 claim because of the defendant's assertion of qualified of immunity). The Court finds it inappropriate to subject Defendants to discovery related to sensitive financial information on nothing more than Plaintiff's allegation that it is entitled to punitive damages and agrees that discovery related to Defendants Buncich's and Defendant Forgey's financial net worth should not proceed until their defenses of qualified immunity have been determined.

C.  Defendants' Claims of Qualified Immunity

Plaintiff, in the alternative, requests that the Court set a deadline for Defendants Forgey and Buncich to file motions addressing their claims of qualified immunity. At a status conference held before the Court on February 17, 2016, Defendants represented that they intended to file motions on that issue and agreed to a briefing schedule on those motions. Accordingly, the agreed deadlines for Defendants Forgey and Buncich to file motions addressing their claims of qualified immunity are incorporated into this Order.

### III.     Conclusion

For the foregoing reasons, the Court hereby **GRANTS in part and DENIES in part** Plaintiff's Motion to Compel Discovery from Defendants, John Buncich and Dr. William Forgey [DE 68]. Plaintiff's request for discovery related to the financial net worth of Defendant John Buncich and Defendant Dr. William Forgey is **DENIED**. The Court hereby **ORDERS** Defendants John Buncich and Dr. William Forgey to file motions addressing their claims of qualified immunity by **April, 18, 2016**, with Plaintiff to file a response on **May, 10, 2016**, and Defendants Buncich and Forgey to file any replies by **May, 25, 2016**.

Because the motion to compel was granted in part and denied in part the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). Accordingly, the Court hereby **ORDERS** Plaintiff to file, on or before **March 7, 2016**, an itemization of its costs and fees, including attorney's fees, incurred in making the Motion to Compel, with Defendant Forgey and Defendant Buncich to individually file an itemization of their costs and fees, including attorney's fees, incurred in defending the Motion to Compel, on or before **March 21, 2016**, along with argument as to how the expenses should be apportioned.

SO ORDERED this 19th day of February, 2016.

s/ John E. Martin<br>
MAGISTRATE JUDGE JOHN E. MARTIN<br>
UNITED STATES DISTRICT COURT

cc:     All counsel of record