UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| ESTATE OF CEDELL WRIGHT, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:13-CV-333-WCL-JEM |
| | ) | |
| DR. WILLIAM FORGEY, *et al.*, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on an Itemization of Cost and Fees, Including Attorney's Fees for Preparation of Motion to Compel Discovery from Defendants John Buncich and William Forgey [DE 86], filed by Plaintiff on March 7, 20016; Defendant John Buncich, Individually and in His Official Capacity as Lake County Sheriff, Itemization of Costs and Fees, Including Attorney's Fees for Defense of Plaintiff's Motion to Compel [DE 87], filed by Defendant John Buncich on March 15, 2016; and an Itemization of Costs and Fees, Including Attorney's Fees, for Defending Motion to Compel Discovery from Defendants John Buncich and Dr. William Forgey [DE 96], filed by Defendant Dr. William Forgey on March 23, 2016. In the instant Motions, Plaintiff, Defendant Buncich, and Defendant Forgey request that the Court award them fees and costs incurred in connection with Plaintiff's Motion to Compel Discovery from Defendants, John Buncich and Dr. William Forgey [DE 68], which was granted in part and denied in part.

**I.       Procedural Background**

This case stems from Plaintiff's allegation that Defendants Buncich and Forgey are liable to Plaintiff under 42 U.S.C. § 1983 for violating Cedell Wright's Eighth and Fourteenth Amendment rights by showing deliberate indifference to Mr. Wright's medical needs and failing to provide necessary medical care while he was an inmate at Lake County Jail. On September 20, 2013,

Plaintiff filed his Complaint seeking compensatory and punitive damages and attorney's fees and costs.

Discovery in this case has been contentious. Plaintiff has filed three motions to compel, two against Defendant Buncich, all of which were granted at least in part. In addition, Plaintiff filed a motion for sanctions against Defendant Buncich for his repeated failure to properly respond to Plaintiff's discovery requests, which the Court granted. Indeed, the Court has ordered Defendant Buncich to pay Plaintiff over $3,000 in associated fees, costs, and sanctions.

Plaintiff has represented throughout this case that its claims can not properly proceed because Defendants Buncich and Forgey have frustrated discovery. Specifically, Plaintiff has represented that Defendants Buncich and Forgey object to its requests for information related to their financial net worth on the grounds that they are raising a defense of qualified immunity, only to never actually bring the issue of qualified immunity before the Court.

On November 12, 2015, Plaintiff filed a Motion to Compel Discovery from Defendants, John Buncich and Dr. William Forgey [DE 68], requesting discovery related to Defendant Buncich's and Defendant Forgey's financial net worth. In the alternative, Plaintiff requested that if financial discovery was not forthcoming, the Court set a briefing schedule for a motion on the issue of qualified immunity so the case could advance. Defendants Buncich and Forgey opposed the motion to compel, arguing that their assertion of qualified immunity precluded discovery related to their financial net worth until the issue of qualified immunity was resolved by the Court.

The Court granted in part and denied in part Plaintiff's motion to compel. The Court denied Plaintiff's request for discovery related to Defendant Buncich's and Forgery's financial net worth, finding that financial discovery should not proceed until their claim of qualified immunity was

resolved. The Court granted Plaintiff's alternative request that a briefing schedule be set on the issue of qualified immunity in order for the case to proceed. Because the motion to compel was granted in part and denied in part, the Court directed the parties to individually file an itemization of their costs and fees, including attorney's fees, incurred in making or defending the motion compel, along with argument as to how the expenses should be apportioned pursuant to Federal Rule of Civil Procedure 37(a)(5)(C).

## II.     Analysis

In the instant Motions, Plaintiff requests an award of $5635.00 in attorney's fees and costs incurred in making the motion to compel, or alternatively, that each party bear their own costs and fees in making or defending the motion to compel. Defendant Buncich requests $9082.00 in attorney's fees and costs, as a prevailing party, incurred in defending the motion to compel. Defendant Forgey requests $4,500.00 in attorney's fees and costs, as a prevailing party, incurred in defending the motion to compel.

Federal Rule of Civil Procedure 37(a)(5)(C) provides that if a motion to compel "is granted in part and denied in part, the court may . . . after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). "In determining a reasonable apportionment of fees, the court will look to the relative degree of success of the party seeking fees." *McGrath v. Everest National Ins. Co.*, 2:07 cv 34, 2008 WL 4261075, at *1 (N.D. Ind. Sept. 11, 2008). "However, the degree of success in the motion to compel is not the sole determinant when proportioning fees. The court also will look to the degree to which the objecting party was justified in refusing greater cooperation." *Id.* "District courts possess wide latitude in fashioning appropriate

3

sanctions and evaluating the reasonableness of attorney's fees requested." *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999).

Both Defendant Buncich and Forgey argue that they are the prevailing parties in the motion to compel and are entitled to an award of attorney's fees and costs pursuant to Federal Rule of Civil Procedure 37(a)(5)(B). However, the Court plainly granted Plaintiff's motion to compel in part and ordered the parties to submit argument as to how fees should be *apportioned* under Federal Rule of Civil Procedure 37(a)(5)(A), not argument as to who prevailed or what the size of the award should be pursuant to Federal Rule of Civil Procedure 37(a)(5)(B). The fact that the motion to compel was denied in part does not mean Plaintiff was the losing party. Rather, Plaintiff prevailed in its request to have the Court set a briefing schedule on the issue of qualified immunity. The impasse caused by Defendants Buncich and Forgey asserting qualified immunity to avoid producing discovery, but not actually bringing that issue before the Court, would likely still be ongoing if Plaintiff had not filed its motion to compel.

The Court, in its discretion, declines to award any party attorney's fees and costs incurred in making or defending Plaintiff's motion to compel, and finds it appropriate that it apportion the costs between the parties, to be borne at their own expense. *See* Fed. R. Civ. P. 37(a)(5)(C); *Johnson*, 192 F.3d at 661 (holding that a district court possess wide discretion in awarding attorney's fees and costs under Rule 37). Considering the enmity that has marked the exchange of information in this case, the Court strongly encourages the parties to amicably work through the remainder of discovery and seek judicial intervention only as a last resort.

### III.     Conclusion

Accordingly, the Court hereby **DENIES** the Itemization of Cost and Fees, Including Attorney's Fees for Preparation of Motion to Compel Discovery from Defendants John Buncich and William Forgey [DE 86]; Defendant John Buncich, Individually and in His Official Capacity as Lake County Sheriff, Itemization of Costs and Fees, Including Attorney's Fees for Defense of Plaintiff's Motion to Compel [DE 87]; and the Itemization of Costs and Fees, Including Attorney's Fees, for Defending Motion to Compel Discovery from Defendants John Buncich and Dr. William Forgey [DE 96].

SO ORDERED this 23rd day of May, 2016.

 s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:     All counsel of record