# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ESTATE OF CEDELL WRIGHT, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>LAKE COUNTY, INDIANA, *et al.*, )<br>    Defendants. ) | CAUSE NO.: 2:13-CV-333-WCL-JEM |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Conduct Additional Discovery [DE 110], filed by Plaintiff on July 21, 2016. Plaintiff asks the Court to grant it leave to conduct 13 additional depositions. On August 8, 2016, Defendants filed a response [DE 114] opposing the Motion, and on August 15, 2016, Plaintiff filed a reply [DE 115].

**I.    Background**

On December 6, 2013, the parties filed a Report of Parties' 26(f) Planning Meeting [DE 25]. In that report, the parties asked the Court to limit the parties to 8 depositions each. The Court adopted the parties' proposed discovery report, but stated that "Depositions maximums will be 16 for each side." [DE 26]. The parties apparently believe that Plaintiff is nonetheless limited to 8 depositions. As a result, the Court will address the merits of the parties' arguments.

Plaintiff asks the Court for leave to conduct 13 additional depositions. The proposed depositions include parties and party representatives, as well as individuals who might have information relevant to this case.

**II.    Standard**

Where the parties have not stipulated to additional depositions, a party must obtain leave of Court to conduct additional depositions. Fed. R. Civ. P. 30(a)(2); Fed. R. Civ. P. 26(b)(2). A party

objecting to a discovery request bears the burden of showing why the request is improper, *McGrath v. Everest Nat'l Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008), and the Court has broad discretion when deciding discovery matters. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993).

**II.     Analysis**

Because Defendants' objections vary for each potential deponent, the Court will address each proposed deponent in turn.

   A.     <u>Dr. John Cavanaugh and Dr. William Forgey</u>

Plaintiff wishes to depose Dr. William Forgey, who is a party in this case, and Dr. John Cavanaugh. Defendants do not object to these depositions. Accordingly, Plaintiff may take the depositions of Dr. Cavanaugh and Dr. Forgey.

   B.     <u>Timm Todd</u>

Plaintiff also wishes to depose Tim Todd. However, Mr. Todd died. Accordingly, Plaintiff's request to depose Mr. Todd is moot.

Plaintiff states it has not confirmed Mr. Todd's death. If Plaintiff finds that Mr. Todd is in fact alive, it may file another motion asking for leave to depose him.

   C.     <u>Deputy Warden Hogan, Willie Stewart, Officer Terry Calverly, and Mike Purevich</u>

Plaintiff also asks the Court to allow it to depose Deputy Warden Hogan, Willie Stewart, Officer Terry Caverly, and Mike Purevich. Defendants do not object to these depositions, but ask that they be limited to one hour each and that they be scheduled on the same day. Plaintiff asks that it be allowed to depose these individuals for two hours each. Plaintiff also asks that it be allowed

to depose Officer Calverly on a separate day because Officer Caverly has requested that the deposition take place in Michigan.

Noting the parties agreement, Plaintiff may take the depositions of Deputy Warden Hogan, Willie Stewart, Officer Terry Calverly, and Mike Purveich. Defendants' request that the depositions be limited to one hour is denied. If the depositions are two hours, the parties should be able to complete the depositions of Deputy Warden Hogan, Stewart, and Purevich in the same day.

Accordingly, the depositions of Deputy Warden Hogan, Stewart, and Purevich must be conducted on the same day and must last no more than two hours. Because of the need to travel, Officer Caverly's deposition may take place on a different day and must last no more than two hours.

      C.      <u>Lake County and the Lake County Sheriff's Department</u>

Plaintiff asks that it be allowed to depose a representative from Lake County and a representative from the Lake County Sheriff's Department. Defendants argue that Plaintiff has already deposed Lake County Sheriff John Buncich, so it would be "cumulative and duplicative" to allow Plaintiff to depose additional representatives from Lake County and the Lake County Sheriff's Department.

Depositions of representatives from Lake County and the Lake County Sheriff's Department are warranted in this case. The depositions of those representatives will not be cumulative or duplicative as Defendant argues. Although Sheriff Buncich has been deposed, he is named as a defendant in both his individual and official capacities. He also stated that he did not know much about the day-to-day activities at issue in this case. Furthermore, the County and the County Sheriff's Department are distinct entities separately subject to suit in 1983 actions like this one. *See*

*Argandona v. Lake Cnty. Sheriff's Dept.*, 2:06-CV-259, 2007 WL 518799, at *5 (N.D. Ind. Feb. 13, 2007). Therefore, it is reasonable to allow Plaintiff depose a representative from each entity.

Accordingly, Plaintiff may depose a representative of Lake County and a representative of the Lake County Sheriff's Department consistent with Federal Rule of Civil Procedure Rule 30(b)(6).

D.     Dr. Ronald Shansky

Plaintiff also asks for leave to depose Dr. Ronald Shansky. Plaintiff believes that Dr. Shansky might have information concerning the policies, procedures, and practices at issue in this case. Defendants Correctional Health Indiana and Dr. William Forgey argue that Dr. Shansky's deposition on the basis that the "information sought is privileged under the Indiana Peer Review Statute."

This case comes to the Court on federal question jurisdiction, so federal common law of privileges applies. Fed. R. Evid. 501. "Although federal courts are free to 'consider the law of the state in which [a] case arises in determining whether a privilege should be recognized as a matter of federal law' they can recognize state privileges only 'where this can be accomplished at no substantial cost to federal substantive and procedural policy.'" *Lewis v. Cnty. of Henry*, 1:05-CV-270-JDT-TB, 2006 WL 1843336, at *2 (S.D. Ind. 2006) (quoting *Mem. Hosp. for McHenry Co. v. Shadur*, 664 F.2d 1058, 1061 (7th Cir. 1981).

Here, Plaintiff alleges civil rights claims under 18 U.S.C. § 1983. In light of the significant interest in protecting civil rights underlying 1983 actions, there would be a "substantial cost" to federal substantive policy in recognizing the state law privilege at issue here. *See Lewis*, 2006 WL 1843336, at *2 ("To restrict a civil rights plaintiff's access to this type of evidence would seriously inhibit such plaintiff's ability to prosecute these types of important federal claims."). This cost is

4

amplified by the fact that Dr. Shanksy might have information pivotal to Plaintiff's claims that Mr. Wright received inadequate medical treatment. *See id.* Defendants Correctional Health Indiana and Dr. Forgey have not met their burden to show that state law privilege should apply in this case. *See McGrath*, 625 F. Supp. 2d at 670.

Accordingly, Plaintiff may depose Dr. Shansky.

E.  Dr. Michael Puisis and Dr. Jeffrey L. Metzner

Plaintiff also asks to depose Dr. Michael Puisis and Dr. Jeffrey L. Metzner. Plaintiff believes that these doctors, like Dr. Shansky, have information relevant to the policies, procedures, and practices at issue in this case. Defendants argue that Dr. Puisis and Dr. Metzner are prohibited from testifying because of a settlement agreement in another case, 2:10-CV-476-TLS-PRC ("CRIPA Action").

In the CRIPA Action, the United States of America filed a civil complaint against Lake County and the Lake County Sheriff's Department, among others, to "enjoin [them] from depriving persons incarcerated at the Lake County Jail . . . of rights, privileges, or immunities secured and protected by the Constitution of the United States" under the Civil Rights of Institutionalized Persons Act of 1980. *See* CIRPA Action, at DE 1. The parties eventually entered into a settlement agreement, which was approved by District Court Judge Theresa L. Springmann. CIRPA Action, at DE 12.

The terms of the settlement agreement included a provision stating that the United States would "appoint a Liaison to ensure implementation of and substantial compliance with the terms and conditions of this settlement Agreement by Lake County." CIRPA Action, at DE 9. Furthermore, the settlement agreement provided that the appointed Liaison "shall not testify in any other litigation or proceeding with regard to any act or omission . . . related to this Agreement, nor testify regarding

5

any matter or subject that he or she may have learned as a result of his or her performance under this Agreement." CIRPA Action, at DE 9.

This provision, forbidding Liaisons from later testifying, appears to encourage free communication between the Lake County entities and the Liaison to ensure implementation of the settlement's terms. The county entities might not have allowed the Liaison to access important information related to the settlement agreement if they feared that the Liaison could later incorporate that information into unfavorable testimony.

Plaintiff argues that it should not be limited in who it might depose for this action by the terms of an agreement it did not sign. However, whether Plaintiff was a party to the CIRPA Action settlement does not matter. Dr. Puisis and Dr. Metzner, as either former or current Liaisons, are bound by the terms of the agreement and are prevented from testifying in this case.

Because Dr. Puisis and Dr. Metzner cannot testify, the Court denies Plaintiff's request for leave to depose them.

### F. Tri-Electronics, Inc.

Plaintiff also seeks to depose a representative of Tri-Electronics, Inc. Plaintiff states that the "sole purpose" of deposing Tri-Electronics is to determine whether there is "any video surveillance evidence of Cedell Wright." Defendants argue that a less expensive and less burdensome option to discover video evidence would be through a third-party request for production under Federal Rule of Civil Procedure 34.

It appears that a subpoena under Rule 34 and Rule 45 requesting documents from Tri-Electronics is the more efficient way of determining whether Tri-Electronics has what Plaintiff seeks. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged

matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering . . . whether the burden or expense of the proposed discovery outweighs its likely benefit."). At this time, the Court denies Plaintiff's request to depose a representative of Tri-Electronics.

If it turns out that Tri-Electronics has the video evidence Plaintiff is looking for, Plaintiff may refile a request for leave to conduct a deposition of a Tri-Electronics representative.

## IV. Conclusion

Consistent with the foregoing discussion, the Court hereby **GRANTS in part and DENIES in part** Plaintiff's Motion for Leave to Conduct Additional Discovery [DE 110].

The Court **GRANTS** Plaintiff's request to depose Dr. John Cavanaugh and Dr. William Forgey.

The Court **DENIES as moot** Plaintiff's request to depose Timm Todd, **with leave to refile** a motion to depose Mr. Todd if it turns out he is alive.

The Court **GRANTS** Plaintiff's request to depose Deputy Warden Hogan, Willie Stewart, Officer Terry Caverly, and Mike Purevich. These four depositions must not last longer than two hours each. The depositions of Deputy Wardan Hogan, Willie Stewart, and Mike Purevich must all take place on the same day.

The Court **GRANTS** Plaintiff's request to depose a representative of Lake County and a representative of the Lake County Sheriff's Department.

The Court **GRANTS** Plaintiff's request to depose Dr. Ronald Shansky.

The Court **DENIES** Plaintiff's request to depose Dr. Michael Puisis and Dr. Jeffrey L. Metzner.

The Court **DENIES** Plaintiff's request to depose a representative of Tri-Electronics, Inc.

So ORDERED this 16th day of November, 2016.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record